SYLVESTER ANDREWS,

                    Petitioner,

v.                                    Case No. 3:07-cv-123-J-34TEM

WALTER A. MCNEIL,[1]
et al.,

                    Respondents.

_____

### ORDER[2]

### I. Status

Petitioner Sylvester Andrews, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on February 16, 2007, pursuant to the mailbox rule. Petitioner challenges a 2004 state court (Putnam County, Florida) judgment of conviction for attempted first degree murder on the following four ineffectiveness grounds: (1) counsel's failure to timely convey the State's fifteen-year plea offer; (2) counsel's failure to present a defense of self-defense at the trial; (3) counsel's waiver of Petitioner's speedy trial rights without Petitioner's permission; and (4)

_____

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

[2] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

counsel's failure to object to the unlawful shotgun notice relied upon for habitualization.

Respondents have responded. <u>See</u> Respondents' Response to Petition (Response) (Doc. #6).[3] Petitioner, who was given admonitions and a time frame to respond, <u>see</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #5), has filed a reply, <u>see</u> Petitioner's Reply to Respondents' Response (Reply) (Doc. #11). Thus, this case is now ripe for review.

## II. Procedural History

On June 23, 2003, Andrews was charged by Information with one count of aggravated battery. Resp. Ex. A at 6. Thereafter, the State filed an Amended Information, charging Andrews with one count of attempted first degree murder. <u>Id</u>. at 63. On March 15, 2004, the State filed a notice of intent to seek enhanced penalties treating Petitioner as a habitual felony offender or a habitual violent felony offender. <u>Id</u>. at 64.

Petitioner's criminal case proceeded to a trial by jury on April 15, 2004. Resp. Ex. B at 1-323, Transcript of the Jury Trial Proceeding (Tr.). Prior to the start of the trial, Andrews rejected a plea offer from the State. Resp. Ex. D at 70-74. The evidence at trial established that Andrews stabbed the victim in the back of the neck. Tr. at 47-55, 89, 91-93, 118-21, 136-39, 153-57, 198-202, 205. Although Andrews testified that the victim

---

[3] The Court will refer to Respondents' exhibits as "Resp. Ex."

lunged at him with a knife and that Andrews disarmed him, <u>see</u> <u>id</u>. at 243-48, 255, the jury found Andrews guilty of attempted first degree murder, as charged. Resp. Ex. A at 108, Verdict; Tr. at 317-18. He was sentenced as a habitual violent felony offender to life imprisonment with a fifteen-year mandatory minimum. Resp. Ex. A at 183-94.

On appeal, Petitioner, through counsel, filed an Initial Brief, raising the following claims: (1) the trial court erred by relying upon hearsay evidence to establish the date that Petitioner Andrews was released from incarceration, and (2) the trial court erred by finding that Petitioner qualifies as a habitual violent felony offender based upon two prior convictions. Resp. Ex. C at 1-12. The State filed an Answer Brief. <u>Id</u>. at 13-23. On February 11, 2005, the appellate court per curiam affirmed Petitioner's conviction. <u>Andrews v. State</u>, 892 So.2d 1209 (Fla. 5th DCA 2005); Resp. Ex. C at 24. The mandate issued on March 2, 2005. Resp. Ex. C at 25.

On May 23, 2005, Petitioner filed a <u>pro</u> <u>se</u> motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a), which was denied on June 10, 2005. Resp. Ex. D at 1-3, 4. Petitioner did not pursue an appeal from the denial of the Rule 3.800 motion.

On June 24, 2005, Petitioner filed a <u>pro</u> <u>se</u> motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised the following ineffectiveness grounds: (1) counsel's failure

to timely convey an acceptable plea made by the State; (2) counsel's failure to present a defense of self-defense; (3) counsel's waiver of Andrews' right to a speedy trial; and (4) counsel's failure to object to the unlawful shotgun notice relied upon for habitualization. Id. at 31-56. The court ordered the State to respond. Id. at 57. In its initial response, the State asserted that a hearing should be held on ground one and that grounds two through four should be summarily denied. Id. at 58-61. Thereafter, the State filed an amended response, arguing that Andrews knew of the State's fifteen-year plea offer prior to the trial and that Andrews had rejected the State's offer. Id. at 62-65. On December 20, 2005, the court denied the Rule 3.850 motion. Id. at 66-101. Andrews appealed. Id. at 102-03. The court ordered the State to file a response, and the State did so as directed. Id. at 104, 105-10. On June 20, 2006, the appellate court per curiam affirmed the denial without issuing a written opinion. Andrews v. State, 932 So.2d 210 (Fla. 5th DCA 2006); Resp. Ex. D at 111. The mandate issued on July 7, 2006. Resp. Ex. D at 112.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. See 28 U.S.C. § 2244(d); Response at 4.

## IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted by this Court.

## V. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief
> for a claim adjudicated on the merits in state

court only if the state court adjudication[4]
resulted in a decision that was: "(1) . . .
contrary to, or involved an unreasonable[5]
application of, clearly established Federal
law, as determined by the Supreme Court of the
United States; or (2) . . . based on an
unreasonable determination of the facts in
light of the evidence presented in the State
court proceeding." 28 U.S.C. § 2254(d);
Marquard, 429 F.3d at 1303. The phrase
"clearly established Federal law," as used in
§ 2254(d)(1), encompasses only the holdings,
as opposed to the dicta, of the United States
Supreme Court as of the time of the relevant
state court decision. See Carey v. Musladin,
549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d
482 (2006) (citing Williams v. Taylor, 529
U.S. 362, 412, 120 S.Ct. 1495, 1523, 146
L.Ed.2d 389 (2000)); Osborne v. Terry, 466
F.3d 1298, 1305 (11th Cir. 2006).

Id. at 1208-09.

"AEDPA also requires federal habeas courts to presume the

correctness of state courts' factual findings unless applicants

rebut this presumption with 'clear and convincing evidence.' §

2254(e)(1)." Schriro, 550 U.S. at 473-74. This presumption of

correctness applies equally to factual determinations made by state

---

[4] For a state court's resolution of a claim to be an
adjudication on the merits, so that the state court's determination
will be entitled to deference for purposes of federal habeas corpus
review under AEDPA, all that is required is a rejection of the
claim on the merits, not an opinion that explains the state court's
rationale for such a ruling. Wright v. Sec'y for the Dep't of
Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S.
906 (2003).

[5] "The question under AEDPA is not whether a federal court
believes the state court's determination was incorrect but whether
that determination was unreasonable – a substantially higher
threshold." Schriro v. Landrigan, 550 U.S. at 473 (citing Williams
v. Taylor, 529 U.S. 362, 410 (2000)).

trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312

(11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449

U.S. 539, 547 (1981)).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective

assistance of counsel. That right is denied when a defense

counsel's performance falls below an objective standard of

reasonableness and thereby prejudices the defense." Yarborough v.

Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The

Eleventh Circuit has captured the essence of an ineffectiveness

claim:

> The clearly established federal law for
> ineffective assistance of counsel claims was
> set forth by the U.S. Supreme Court in
> Strickland v. Washington, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984). To
> establish a claim of ineffective assistance of
> counsel, first, "the defendant must show that
> counsel's performance was deficient . . .
> [which] requires showing that counsel made
> errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." Id. at
> 687, 104 S.Ct. at 2064. Second, the defendant
> must show that counsel's deficient performance
> prejudiced him. Id. That is, "[t]he
> defendant must show that there is a reasonable
> probability that, but for counsel's
> unprofessional errors, the result of the
> proceeding would have been different. A
> reasonable probability is a probability
> sufficient to undermine confidence in the
> outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir.

2007) (per curiam). "Establishing these two elements is not easy:

'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" <u>Van Poyck v. Florida Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit has expounded upon the deference due to counsel's performance as well as to the state court's decision concerning that performance:

> In assessing [Petitioner's] claim that his trial counsel w[as] ineffective we must keep in mind that "[j]udicial scrutiny of counsel's performance must be highly deferential." <u>Id</u>. at 689, 104 S.Ct. at 2065. In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision. <u>Woodford</u>, 537 U.S. at 24, 123 S.Ct. at 360 (section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings") (internal marks and citation omitted). [Petitioner] must do more than satisfy the <u>Strickland</u> standard. He must also show that in rejecting his ineffective assistance of counsel claim the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Bell v. Cone</u>, 535 U.S. 685, 699, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).

<u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 544 U.S. 982 (2005).

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that his counsel (Larry Sikes, an Assistant Public Defender) was ineffective because he failed to timely convey the State's fifteen-year plea offer. Petitioner contends that he first learned of the State's offer "only subsequent to the trial and just prior to sentencing." Petition at 4 (footnote omitted). He contends that, if trial counsel had told him of the plea offer prior to the trial, he would not have proceeded to a jury trial, but would have accepted the State's fifteen-year plea offer. Id. Later, in Petitioner's Reply, Petitioner states that he thought the charge was aggravated battery and did not know of the new charge of attempted first degree murder and the possible enhancement. Reply at 3-4.

As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion. The trial court denied the Rule 3.850 motion with respect to this issue, stating in pertinent part:

> On Ground I, [t]he Court agrees with the State that the Defendant's claim here is conclusively refuted in that the State's 15-year plea offer was announced in open court prior to the start of jury selection on April 12, 2005[6]. (See Appendix A, Voir Dire Transcript, Pages 9-13).

---

[6] The correct year of the jury trial was 2004. See Tr.; Resp. Ex. D at 69.

Resp. Ex. D at 67 (emphasis deleted).  On appeal, the appellate court per curiam affirmed the denial without issuing a written opinion.

Accordingly, this claim was rejected on the merits by the state trial and appellate courts.  Thus, as there are qualifying state court decisions, this claim should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, the undersigned concludes that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Indeed, this Court also finds Petitioner's contention with respect to this ground to be without merit.  In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence.  The presumption that counsel's performance was reasonable is even stronger since he is an experienced criminal defense attorney.[7]  The inquiry is

---

[7] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger."  Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), cert. denied, 531 U.S. 1204 (2001); see Williams v. Head, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that

"whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland v. Washington</u>, 466 U.S. 668, 690 (1984). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003).

The State's plea offer was for a plea to aggravated battery (a lesser offense) and a fifteen-year sentence. Resp. Ex. D at 70-74. A review of the voir dire transcript establishes that Andrews knew about the State's fifteen-year plea offer prior to the jury trial and prior to the start of jury selection and further that he affirmatively rejected the State's offer. On April 12, 2004, prior to jury selection, the prosecutor stated:

> The State has made an offer of 15 years on this versus -- I think the crime is punishable by life.
>
> If we do pick the Jury today, the State is going to be withdrawing that offer.

---

"[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), <u>cert</u>. <u>denied</u>, 530 U.S. 1246 (2000). Larry Sikes was admitted to the Florida Bar in 1986 and was board certified in "criminal trial" law in 2000. <u>See</u> http://www.floridabar.org.

Id. at 70.

The trial judge further explained the State's offer to Andrews:

> My understanding is that the State has offered that if you entered a plea to the offense that they would recommend 15 years as a punishment.
>
> However, if the -- we go to pick the Jury in this case, then when -- when the Jury comes in here, my understanding is that offer is being withdrawn, and there -- they won't offer that again.
>
> And this is an attempted first degree murder, which I believe is a first degree felony, punishable by up to life imprisonment, so --

Id. at 71. Further, defense counsel clarified that the State's offer was a fifteen-year sentence for a plea to aggravated battery, the lesser offense. Id. Nevertheless, Petitioner replied:

> So, Your Honor, I wouldn't take that plea because aggravated battery maxes out at 15 years. And [the prosecutor] is not offering me anything. And he's saying that it's the only charge, and it -- it's not. So it's important, in my mind.

Id. at 70-71.

Defense counsel then fully explained the State's offer to Petitioner.

> Well, let me tell you that he is not going to ask for the lesser included now. As I told you, attempted first degree murder is a -- is a first degree felony punishable by up to 30 years.

If it's done with a weapon, and it becomes a weapon, the -- it becomes a life felony.

. . . .

Also, the concern is a -- as I indicated to you before -- is if you're convicted not only of the as charged charge, but any of the lesser included charges, that he can ask as least in the plea -- included charges, even if it was a lesser charge, but the Jury can come back -- the State has indicated that they're going to seek one or both.

. . . .

But the Court can only sentence on one. But to -- it's that habitual felony offender, or habitual violent felony offender -- if you're convicted of the as charged, then the Court could give you -- even if they didn't find a weapon -- this gets kind of complicated -- but it comes back to the Court, the Judge could give you life if it's a violent felony offender. The Court could give you life with minimum mandatory 15 years.

Say they came back with one of the lesser includeds, just hypothetically, it leaves -- I'll say aggravated battery, even though it's a habitual violent felony, again, the court would have -- authority to give you up to 30 years on that, the habitual violent felony offender. I believe that could be 30 years. And there is a minimum mandatory on that.

So what I'm basically saying is they would be willing to go with just what we -- I would say just plain vanilla aggravated battery, and drop trying to use the enhancement, drop the weapon enhancement, or the weapon enhancement, and aggravated battery. I believe he's -- but it's up to first degree.

What I'm saying is it wouldn't be attempted second degree felony, not second to

have it classified as a habitual felony, or as
habitual violent offender.

**So he is making you an offer, in my
opinion, that has -- there are reasons -- if
you so choose, there are some definite reasons
why you probably might want to go that route.**

**Because otherwise, we have many of the
potential possibilities here where you could
wind up with life.**

<u>Id</u>. at 72-74 (emphasis added).

Petitioner responded:

Well, if -- if the one -- one of the --
if a monkey had wings, he could fly.  But pre-
trial, an aggravated battery -- none of the
above that he stipulated that could happen.
So I can't go on -- I have to go on -

<u>Id</u>. at 74.

To assure Petitioner's understanding, the trial judge told
Petitioner that he was charged with attempted first degree murder
"and that's what this trial is going to be on, attempted first
degree murder."  <u>Id</u>. Petitioner affirmed that he understood and
rejected the State's fifteen-year offer for a plea to aggravated
battery.  <u>Id</u>.  Thus, based on the voir dire transcript, it is
evident that defense counsel conveyed the State's fifteen-year plea
offer to Petitioner, that Petitioner knew about the State's offer
prior to jury selection and that he affirmatively rejected it.
Counsel advised Petitioner that "there are some definite reasons"
why Petitioner may want to accept the State's plea offer since
there were "many of the potential possibilities here where

14

[Petitioner] could wind up with life" if he proceeded to trial and was found guilty of attempted first degree murder. Id. at 74. However, Petitioner chose to reject the State's offer. Here, counsel's performance was not deficient, and Petitioner's ineffectiveness claim is simply without merit.

### B. Ground Two

As ground two, Petitioner claims that counsel was ineffective because he failed to present a defense of self-defense at the trial. As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion. The trial court denied the Rule 3.850 motion with respect to this issue, stating in pertinent part:

> On Ground II, [t]he Court agrees with the State that Trial Counsel, under the circumstances, presented an adequate strategy of "self defense." The Trial Transcript shows that the Defendant testified that he acted in self defense. (See Appendix B, Trial Transcript, Volume II, Pages 245-248). The evidence of an apparent unprovoked attack from behind was difficult to overcome. (See Collective Appendix C, Trial Transcript Volume I, Pages 47-49, 51, 89, 92, 93-94, 121, 136, 140, and Trial Transcript Volume II, Pages 154, 157, 172, 200-201, 205).

Resp. Ex. D at 67 (emphasis deleted). On appeal, the appellate court per curiam affirmed the denial without issuing a written opinion.

As this claim was rejected on the merits by the state trial and appellate courts, there are qualifying state court decisions. Thus, this claim should be addressed applying the deferential

standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds Petitioner's contention with regard to this ground to be without merit. The trial transcript reflects that counsel presented the defense of self-defense to the jury. Andrews testified in his own defense explaining that he acted in self-defense. Tr. at 245-48. This was sufficient to present the defense of self-defense to the jury and to entitle him to a jury instruction on justifiable or excusable use of deadly force. In closing argument, defense counsel argued that the State's charge of attempted first degree murder was "overkill[,]" id. at 285, and reminded the jury that, as Petitioner had explained on the stand, "this is a justifiable act on [Andrews'] part, and that the verdict should be not guilty." Id. at 286. The jury was instructed on justifiable or excusable use of deadly force. Id. at 289-91, 300-06. In instructing the jury, the court told the jurors that they

must consider the issue of whether Andrews acted in self defense. Id. at 300, 303, 304, 305, 306.

Even assuming arguendo that defense counsel's performance was deficient, Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. He has not even suggested what other evidence counsel should have presented to support this defense. Moreover, there was overwhelming evidence that Andrews was the aggressor, not the victim. Thus, the ineffectiveness claim is without merit.

### C. Ground Three

As ground three, Petitioner contends that counsel was ineffective because he waived Petitioner's speedy trial rights without Petitioner's permission. Petitioner contends that "[t]he special point of [the] complaint is the fact that the alleged victim herein, Randall J. [R]ickard, would not have been available for a trial" if Petitioner had proceeded to trial within the 180 day time period since "[R]ickard works [as] a traveling vend[o]r and likely would not have been available for a trial, had it commenced within the limits required by law." Petition at 8, 8 n.4.

Assuming that pro se Petitioner intends to raise the same ineffectiveness claim here that he raised in his Rule 3.850 motion

in state court, his ineffectiveness claim is sufficiently exhausted.[8] The trial court denied the Rule 3.850 motion with respect to this issue, stating in pertinent part:

> On Ground III, the State[']s assertion is correct that the Defendant was not continuously available for Trial which is a requirement that detracts from the Defendant's speedy trial assertion. (See Appendix D, Capias for failing to appear at pre-trial on February 2, 2004 and pretrial minutes).

Resp. Ex. D at 67 (emphasis deleted). On appeal, the appellate court affirmed the trial court's decision per curiam without issuing a written opinion.

As with Petitioner's claims in grounds one and two of the Petition, this claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions, and this claim will be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, the undersigned concludes that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an

---

[8] To the extent that Petitioner has expanded the ineffectiveness claim to include new factual allegations that were not before the Rule 3.850 court, those claims are procedurally barred. Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Moreover, this Court similarly finds this ground to be without merit. Indeed, Petitioner has not shown both deficient performance and the resulting prejudice. See Response at 10-11; Resp. Ex. D at 108-09.

### D. Ground Four

As ground four, Petitioner claims that counsel was ineffective for failing to object to the unlawful shotgun notice relied upon for habitualization.[9] As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion. The trial court denied the Rule 3.850 motion with respect to this issue, stating in pertinent part:

> On Ground IV, the Court file shows that the Defendant was given adequate notice and the Defendant's last claim has no merit. [(]See Appendix E, State's Notice to Seek Sentence Enhancement). See also, Washington v. State, 895 So.2d 1141 (Fla. 4th DCA 2005), rehearing denied.

Resp. Ex. D at 67-68 (emphasis deleted). On appeal, the appellate court per curiam affirmed the denial without issuing a written opinion.

---

[9] In support of his argument, Petitioner relies upon Washington v. State, 29 Fla. L. Weekly D2011 (Fla. 4th DCA 2004), which has been withdrawn and superceded on rehearing by Washington v. State, 895 So.2d 1141 (Fla. 4th DCA 2005), rev. denied, 931 So.2d 902 (Fla. 2006).

As this claim was rejected on the merits by the state trial and appellate courts, there are qualifying state court decisions. Thus, this claim will be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, the undersigned concludes that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ground to be without merit. On March 15, 2004, the State filed the "Notice of Intent to Seek Enhanced Penalties As Habitual Felony Offender or Habitual Violent Felony Offender and Judicial Notice of Convictions." Resp. Ex. A at 64. A notice of the State's intent to seek an enhanced sentence under any of the provisions of Fla. Stat. § 775.084 has been held to be sufficient to afford the defendant the opportunity to prepare to contest the imposition of an enhanced sentence. <u>Washington v. State</u>, 895 So.2d 1141 (Fla. 4th DCA 2005) (holding that the State's "shotgun" notice of intent to seek enhanced sentence was adequate) (per curiam), <u>rev</u>. <u>denied</u>, 931 So.2d 902 (Fla. 2006); <u>Reese v. State</u>, 899 So.2d 428 (Fla. 3rd DCA 2005). Thus, there was no basis

for an objection by counsel, and Petitioner's ineffectiveness claim must fail.

## VIII. Conclusion

"Under the doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard, <u>see</u> <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam), [Petitioner's] ineffective-assistance claim[s] fail[]." <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009). Any claims not specifically addressed are found to be without merit. Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S.

322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

4. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of February, 2010.

MARCIA MORALES HOWARD
United States District Judge

sc 2/4
c:
Sylvester Andrews
Ass't Attorney General (Parrish)